1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Thomas D. Sykes,

Petitioner

CASE NO. 2:24-mc-00041-DGE

ORDER DENYING PETITION FOR
ADMISSION TO PRACTICE (DKT.
NO. 1)

16    Petitioner Thomas D. Sykes seeks admission to practice before this Court even though he

17  is not a member of the Washington State Bar.  (Dkt. No. 1.)  Because he is not a member of the

18  Washington State Bar, he is not eligible for admission.  Petitioner's request for admission is

19  DENIED.

20                    I.    FACTUAL BACKGROUND

21    Petitioner is a solo practitioner "actively practicing federal-tax law in Washington at

22  Redmond, King County, Washington, since taking on [his] first Washington federal-tax client in

23

24

1    October 2021." (Dkt. No. 1-2 at 23.)  Petitioner has "practiced federal tax law almost

2    exclusively for 42 years." (*Id*. at 24.)

3        Petitioner identifies he is authorized to practice federal tax law before federal agencies

4    without having to be licensed in the State of Washington.  (*Id*. at 25.)  Petitioner indicates he is

5    admitted to practice in the states of Illinois and Wisconsin, and the District of Columbia.  (*Id*.)

6    He states he is admitted to practice in 15 federal courts, including the United States Supreme

7    Court, several circuit courts, and various district courts.  (*Id*. at 33–34.)  Petitioner also notes the

8    Ninth Circuit Court of Appeals recently granted his admission.  (Dkt. No. 1-1.)

9        Petitioner has never applied for membership in the Washington State bar.  (Dkt. 1-2 at

10   24.)  He has "no interest in spending considerable time and money necessary to obtain and

11   maintain an enrolled Washington State Bar membership, when Washington Rule 5.5(d)(2) and

12   Treasury regulations plainly allow [him] to practice federal tax law in Washington." (*Id*.)

13                          **II.        DISCUSSION**

14       An attorney not otherwise employed by the United States is "eligible for admission to the

15   bar of this court if he or she is . . . a member in good standing of the Washington State Bar[.]"

16   LCR 83.1(b).  Even so, "there is no fundamental right to practice law." *Giannini v. Real*, 911

17   F.2d 354, 359 (9th Cir. 1990).  "[A] federal court has the power to control admission to its bar

18   and to discipline attorneys who appear before it.  While this power 'ought to be exercised with

19   great caution,' it is nevertheless 'incidental to all Courts.'" *Chambers v. Nasco, Inc.*, 501 U.S.

20   32, 43 (1991) (quoting *Ex parte Burr*, 9 Wheat. 529, 531, 6 L.Ed. 152 (1824)).

21       It "is well established that district court bars may use state bar admission requirements in

22   determining fitness for practice before the federal district courts." *In re North*, 383 F.3d 871,

23   878 (9th Cir. 2004).  District courts may also "rely on the infrastructure provided by state bar

24

1    associations in meeting their own needs for monitoring attorney admission and practice in the

2    federal courts." *Gallo v. U.S. Dist. Court for Dist. of Arizona*, 349 F.3d 1169, 1180 (9th Cir.

3    2003).

4        In *Russell v. Hug*, 275 F.3d 812 (9th Cir. 2002), a matter involving the Northern District

5    of California, the Ninth Circuit noted that "the California bar membership requirement makes

6    discipline easier for the Northern District because the California Bar provided the Northern

7    District with a disciplinary mechanism complementary to its own." 275 F.3d at 819. The Circuit

8    also noted that "the adoption of California's requirements permitted the district court to bring

9    allegations of professional misconduct to the attention of the California State Bar." *Gallo*, 349

10   F.3d at 1180 (citing *Russell*, 275 F.3d at 819).

11       In *Gallo*, the appellant challenged the District of Arizona's requirement that admission to

12   practice before the district court was "limited to attorneys who are active members in good

13   standing of the State Bar of Arizona." 349 F.3d at 1173. Rejecting the challenge, the Ninth

14   Circuit identified that "the local rule serves the legitimate purpose of ensuring that all attorneys

15   practicing before the courts 'clear the standard required' by the . . . state bar association[]." *Id*. at

16   1181. It did not matter that the explicit purpose of ensuring quality representation was not stated

17   at the time the requirement was adopted. *Id*. at 1181 n.6 ("Although the record does not indicate

18   that the District Court [adopted the state bar admission requirement] for the explicit purpose of

19   ensuring quality attorney representation, it is well-established that rational basis scrutiny permits

20   the court to consider any conceivable justifications for enacting the law."). *Gallo* further noted

21   that the state bar admission requirement served the court's legitimate purpose of "simplifying the

22   disciplinary process," permitted the court to "limit disciplinary referrals to the Arizona State

23

24

1    Bar," and permitted the court "to file disciplinary complaints free from public exposure." *Id*. at

2    1181.

3         Similarly, *Giannini* considered a challenge to Central, Southern and Eastern District

4    Courts of California's admission requirement that attorneys be members in good standing with

5    the State Bar of California.  The appellant argued the state bar admission rule discriminated "in

6    favor of attorneys who are admitted to the State Bar of California."  911 F.2d at 359.  In

7    evaluating the challenge, six reasons for the state bar admission requirement were considered:

8         (1) the defendant district courts, having no relevant procedures of their own, rely
          on the California bar examination for determination of fitness to practice law; (2)
9         questions of California substantive law permeate the range of cases over which
          the district courts have subject matter jurisdiction; (3) membership in the
10        California bar provides the district courts assurance that the character, moral
          integrity and fitness of prospective admittees have been approved after
11        investigation; (4) allegations of professional misconduct can be brought to the
          attention of the State Bar; (5) such membership helps screen applicants who are
12        guilty of ethical misconduct in any other jurisdiction; and (6) attorneys who are
          members of the California and the district court bars will not choose the forum for
13        litigation on the basis of their membership in the federal bar rather than the
          clients' interests.

14   *Id*. at 360.  The Ninth Circuit concluded these "six considerations set out by [the courts] amply

15   satisfy the requirement of a rational basis for the classification" and rejected the challenge.  *Id*.

16        Petitioner asks the Court to disregard Local Rule 83.1(b)'s State Bar requirements.  He

17   argues "no competence-based reason appears" to require State Bar membership where a

18   "lawyer . . . limits his practice to federal taxation." (Dkt. No. 1 at 4.)  He notes that "the

19   Washington State Bar's process for admitting lawyers to practice appears not to examine, in even

20   a cursory fashion, an applicant's knowledge of federal tax law." (*Id*. at 8.)  But as identified in

21   *Gallo*, *Russell*, and *Giannini*, competence is but one reason supporting a district court's decision,

22   including this Court's, for requiring State Bar membership.  Among other things, the Washington

23   State Bar's infrastructure for monitoring, investigating, and disciplining attorneys compliments

24

1  and strengthens the Court's limited resources in monitoring, investigating, and disciplining

2  attorneys.  Competency is not the sole rationale for requiring State Bar membership.

3          Petitioner also argues requiring State Bar membership "would delegate to the

4  Washington State Bar a preemptive veto power over admissions to this Court's bar" and that

5  "[o]ne state bar, or even many, should not exclusively possess the distinct, independent, and

6  quintessentially federal power." (Dkt. No. 1 at 5.)  However, Local Civil Rule 83.1(b) does not

7  delegate such authority to the Washington State Bar.  For example, attorneys employed by the

8  "United States or one of its agencies in a professional capacity and who, while being so

9  employed may have occasion to appear in this court on behalf of the United States or one of its

10  agencies" are eligible for admission before the Court regardless of whether they are members of

11  the Washington State Bar.  LCR 83.1(b).  And, the Court has inherent authority to bar the

12  practice of law before it if an attorney is disbarred, suspended, or sanctioned by "any federal or

13  state court, bar association, or other governing authority of any state, territory, possession, or the

14  District of Columbia, or any other governing authority or administrative body which regulates

15  the practice of attorneys[.]"  LCR 83.3(c)(3)(B).  Also, attorneys who are not members of the

16  Washington State Bar may be admitted *pro hac vice* in a specific case.  LCR 83.1(d).  Thus,

17  good standing with the Washington State Bar is not required to practice before the Court and

18  does not a guarantee an attorney's continued eligibility to practice before the Court.

19  Accordingly, Local Civil Rule 83.1(b) does not delegate "preemptive veto power" to the

20  Washington State Bar for practicing before the Court.

21          Petitioner also cites as support decisions that are inapposite.  *Sperry v. Florida*, 373 U.S.

22  379 (1963), involved whether a state could prohibit unlicensed attorneys from preparing and

23  prosecuting patent applications where the individual was authorized to practice before the United

24

1  States Patent Office.  *Sperry* did not involve a federal court's authority to require state bar

2  membership as a prerequisite to admission.  Moreover, the fact that a federal agency allows an

3  unlicensed lawyer or even a non-lawyer to practice before the federal agency has no bearing on

4  this Court's authority to set requirements for practicing before it.  *Chambers*, 501 U.S. at 43 ("a

5  federal court has the power to control admission to its bar").  One might even argue that reliance

6  on a federal agency for decisions on whether to admit an attorney to practice before the Court

7  "would delegate to [the federal agency] a preemptive veto power over admissions to this Court's

8  bar."  (Dkt. No. 1 at 5.)

9      Similarly, *In re Poole* did not involve a Court's authority to set admission requirements.

10  Instead, it considered "whether a bankruptcy attorney, properly admitted to practice in the

11  relevant federal district court, may be denied fees . . . because he is not admitted to practice in

12  the state where the district court sits."  222 F.3d 618, 619–20 (2000).

13      Likewise, *Frazier v. Heebe*, 482 U.S. 641, 645 (1987) held a district court "was not

14  empowered to adopt its local Rules to require members of the Louisiana Bar who apply for

15  admission to its bar to live in, or maintain an office in, Louisiana where that court sits."  Here,

16  Local Civil Rule 83.1(b) contains no such requirement.

17      Petitioner also argues the Court should grant him admission based on Washington State

18  Rule of Professional Conduct 5.5(d)(2).  According to Petitioner, Rule 5.5(d)(2) "confers upon

19  [him], within the domain of his authorized Washington federal-tax practice, the equivalent of, or

20  a species of, a good standing membership in the Washington State Bar within the meaning of

21  LCR 83.1(b)(1)."  (Dkt. No. 1 at 7.)  He asserts the rule "reflect[s] consideration of modern

22  mobility, modern principles of multijurisdictional practice, avoiding the appearance of bar

23  associations acting as a guild, federal-state relationships, and the supremacy of federal law."

24

1    (Dkt. No. 1-2 at 32.)  He also claims Rule 5.5(d)(2) "represents . . . the formal imprimatur of the

2    Washington Supreme Court upon the practices that come within it."  (Dkt. 1 at 17.)

3          Petitioner's reliance on Rule 5.5(d)(2) is misplaced.  "Paragraph (d)(2) recognizes that a

4    United States or foreign lawyer may provide legal services in a jurisdiction in which the lawyer

5    is not licensed when authorized to do so by federal or other law, which includes statute, court

6    rule, executive regulation, or judicial precedent."  WASH. RULES OF PRO. CONDUCT r.5.5 cmt. 18

7    (2016).  Rule 5.5(d)(2), therefore, is not a species of a membership in good standing, bad

8    standing, or any standing within the Washington State Bar.  Instead, Rule 5.5(d)(2) recognizes

9    *Sperry*'s holding that a state's supreme court cannot prohibit a non-bar member from practicing

10   law if the non-bar member is authorized to practice law before a federal agency; nothing more

11   and nothing less.

12         Petitioner also argues Local Civil Rule 83.1(b)(1) somehow conflicts with Local Civil

13   Rule 83.3(a)(2) because, as the argument goes, attorneys are required to comply with the

14   Washington Rules of Professional Conduct as promulgated and amended "unless such

15   amendments or additions are specifically disapproved by the court[.]"  LCR 83.3(a)(2).

16   According to Petitioner, because the Court has "not 'specifically disapproved' of Washington

17   attorneys, applying for admission under LCR 83.1(b)(1), availing themselves of Washington

18   RPC 5.5(d)(2)," he should not be barred from admission.  (Dkt. No. 1 at 15–16.)  This negligible

19   argument is based on a non-existent conflict.  Local Civil Rule 83.3(a) governs an attorney's

20   conduct when appearing before this Court, while Local Civil Rule 83.1(b) governs whether an

21   attorney is eligible for admission to this Court.  These two rules are not inconsistent with each

22   other.

23

24

Petitioner also notes that because he resides within the District, he may be prohibited from admission *pro hac vice* under Local Civil Rule 83.1(d)(1) because it applies to attorneys "who neither reside[] nor maintain[] an office for the practice of law in the Western District of Washington[.]" LCR 83.1(d)(1). As currently written, Petitioner's interpretation of Local Civil Rule 83.1(d)(1) may be accurate. However, Petitioner presently is not applying for *pro hac vice* admission in a particular case. Instead, Petitioner seeks admission under Local Civil Rule 83.1(b). Moreover, were Petitioner to apply for *pro hac vice* admission in a specific case, the presiding judge in such case maintains the authority to approve the application based on the individual circumstances presented. *See* W.D. Wash. LCR Introduction ("The rules . . . apply to all civil proceedings before this court unless otherwise ordered in a specific case."). Thus, it is not a foregone conclusion that Petitioner would be unable to appear *pro hace vice* before the Court in a specific case.

Lastly, Petitioner relies on his admission to practice before several other federal courts, including the Ninth Circuit Court of Appeals, as support for his petition for admission before this Court. Notwithstanding the decisions of other federal courts, this Court retains authority to determine who may practice before it and will not delegate its authority to other courts.

### III.    CONCLUSION

Petitioner is not eligible for admission to practice before this Court because he is not a member of the Washington State Bar. Accordingly, the Petition for Admission to Practice (Dkt. No. 1) is DENIED.

Dated this 30th day of September, 2024.



David G. Estudillo

1                          United States District Judge